[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS RE: DEFENDANT'S MOTION FOR CONTEMPT DATED OCTOBER 6, 1997
This is a post judgment motion for contempt brought by the defendant wife against the plaintiff husband for failure to pay college education costs for their child Stacy Waterman. The hearing was held on May 28, 1998.
The minor child enrolled at the Florida Institute of Technology in Melbourne, Florida in the Fall of 1992. She pursued an aviation management degree majoring in aviation management and flight technology. This degree required flight time and flight add time, if required by the Instructor. The flight time and add time was necessary so that she could take the F.A.A. Flight Exam and obtain her degree. CT Page 9106
The plaintiff, the defendant and the daughter, Stacy Waterman, testified in this matter.
Stacy Waterman was a Dean List student and graduated with honors. To avoid extending her education beyond 4 years, Stacy Waterman went to summer school in the Summer of 1994 and the Summer of 1995. Under the terms of the Separation Agreement, Stacy had to finish college within 5 years of graduation from high school. Stacy did in fact complete college in 4 years with an additional 3 1/2 more credits than needed.
The plaintiff encouraged Stacy to apply for grants, scholarships and student loans which she did.
The court finds that the flight fees, flight add time, flight kit (books) and flight deposit escrow are part and parcel of the tuition and college education the plaintiff agreed to provide for Stacy. The plaintiff has already paid some of these flight fees.
The invoices or billings received from F.I.T. indicate refunds of $7850.67. No one knows where these refunds were applied or whether anyone received cash in hand. The defendant and Stacy claimed that neither of them received this money.
For one semester, Stacey Waterman obtained an internship at Bradley International Airport in Hartford. She received college credit for this internship. For this semester, Stacy was able to live at home with her mother, the defendant. The defendant claims the plaintiff has a responsibility to pay her $100 per week for the sixteen weeks Stacy was living at home during this internship. The defendant claims the 2nd paragraph of Paragraph 11 of the Separation Agreement provides for this amount.
Paragraph 11 has two options: First, if Stacy leaves home for college and Second, if Stacy lives at home and goes to college. Stacy has chosen to leave home to go to college and therefore the husband is obligated to pay "tuition, room, board and books for 4 years of college education". The plaintiff is not obligated under Paragraph 11, 2nd paragraph, to contribute $100 per week while Stacy stayed with her mother, the defendant during the internship in Connecticut for a period of 16 weeks.
The amount of the refund, $7850.67, shall be held in abeyance for a period of 90 days to give counsel an opportunity to CT Page 9107 determine where this refund went. If at the end of 90 days, the defendant is unable to resolve what happened to this refund, then the plaintiff shall be entitled to a credit of $7850.67 as the defendant has the burden of proof on this issue. The balance due of the plaintiff's obligation for college education is $17,569.52 (without refund).
The parties agree that as of May 27, 1998 there is an arrearage of alimony in the amount of $11,807 owed by the plaintiff to the defendant.
The defendant is awarded counsel fees in the amount of $750.
The defendant is responsible for the cost of the deposition.
The combined amounts of alimony, counsel fees and college education total $30,126.52 (with the refund amount of $7850.67 being held in abeyance for 90 days) which is due from the plaintiff to the defendant, shall be paid by the plaintiff as follows:
1) $15,000 within 60 days of date, and;
 2) the balance of $15,126.52 within 60 days thereafter (120 days from date)
A recapitulation of credits and sums owed is annexed hereto and marked as Schedule A.
COPPETO, J.
Alan Waterman v. Marilyn Waterman
 SCHEDULE A RECAPITULATION OF SUMS OWED
Total FIT Charges $82,837.35 off Campus Rent 4,476.
Total Cost $87,313.35
Plaintiff Paid to FIT $55,013.41 Off Campus Rent 4,476. Total Paid by Plaintiff $59,489.41 CT Page 9108
 59,489.41
OWED BY PLAINTIFF $27,823.94
Less Credits to Plaintiff: Phone Charges $233.75 Insurance 170.
Total Credit $403.75 - 403.75
$27,420.19
Less Grants Scholarships $2000. - 2,000.
$25,420.19
Less Refund amount being held in abeyance - 7,850.67
$17,569.52
Total owed by plaintiff for College Education (less refund amt. $7850.67)
Award of Atty's fees + 750.
$18,319.52
Alimony arrears +11,807.
TOTAL OWED BY PLAINTIFF $30,126.52